Nieva2.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334



**FILED**
DISTRICT COURT OF GUAM

FEB 29 2008

JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00001 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| ARNEL MAVERICK NIEVA, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ARNEL MAVERICK NIEVA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging him with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g). The government will move to dismiss Count II at the time of sentencing.

2(a) The defendant, ARNEL MAVERICK NIEVA, understands that the maximum sentence for felon in possession of a firearm is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of

- 1 -

supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty as set forth above, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

2(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

2(d) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

    (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

2(e) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of felon in possession of a firearm charged pursuant to 18 U.S.C. § 922(g), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a firearm;
>
> Second: the firearm had been shipped or transported from one state to another; and
>
> Third: at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was in 1964, and is a citizen of the United States.

(b) On December 31, 2007, the defendant was in possession of a firearm, to-wit, a Beretta .380 caliber pistol, model 84BB, serial number D38873Y, which firearm had been shipped and transported in interstate or foreign commerce. At the time defendant possessed that firearm, he had been convicted of the felony of Robbery in the First Degree under Superior Court of Washington for King County Case No. 86-1-02346-8 and the felony of Possession of Stolen Property in the Second Degree under Superior Court of Washington for King County Case No.

89-1-06042-2.

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives

-4-

up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 02/28/2008

ARNEL MAVERICK NIEVA
Defendant

DATED: 02-28-08

CURTIS VAN DE VELD
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/28/08     By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 2/28/08

JEFFREY J. STRAND
First Assistant U.S. Attorney