THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Attorney and Legal Counselor
Dungca Historic House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: 671.472.4396 or 671.477.2020
Cellular: 671.488.0888
Facsimile: 671.472.2561

Attorneys for Defendant: ARNEL "MAVERICK" NIEVA

**FILED**
DISTRICT COURT OF GUAM
SEP 0 8 2008
JEANNE G. QUINATA
Clerk of Court

# UNITED STATES OF AMERICA

# DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARNEL "MAVERICK" NIEVA,<br><br>Defendant. | Criminal Case No. CR08-00001-001<br><br>**DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY DEFENDANT ARNEL "MAVERICK" NIEVA** |

COMES NOW defendant ARNEL "MAVERICK" NIEVA through Defendant's counsel, THE VANDEVELD LAW OFFICES, P.C., by Attorney Mr. Curtis C. Van de veld, Esq., and the Law Offices Of Cynthia V.E. Ecube, Esq., by Ms. Cynthia V.E. Ecube, Esq., pursuant to Federal Rules of Criminal Procedure, Rule 32, and District Court Of Guam, Rules of Court General Order No. 98-00002, to state the Defendant's position concerning the Presentence Report.

Defendant here addresses the requirements of General Order No. 98-00002, which instruct that counsel shall state:

UNITED STATES OF AMERICA, Plaintiff v. ARNEL "MAVERICK" NIEVA, Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY DEFENDANT ARNEL "MAVERICK" NIEVA
CRIMINAL CASE NO. CR08-00001-001
Page 1

Case 1:08-cr-00001   Document 22   Filed 09/08/2008   Page 1 of 9

ORIGINAL

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

I. ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.

*A. Factual errors contained in the Presentence Report.*

Defendant has been presented a copy of the 'Draft' Presentence Investigation Report (hereinafter referred to as "DPIR") and has informed counsel that relative to the factual matters stated in the report concerning the Defendant, his prior offense record and offense and the instant matter, and Defendant's personal biographic information, that no factual errors exist in the DPIR.

*B. The presentence report contains the following legal errors.*

1. **The government's motion for one level reduction in offense level is not a "departure" under the guidelines and is inaccurately characterized as such in the Presentence Investigation Report.**

The Presentence Investigation Report (herinafter "PIR") indicates that the government has moved for a one level reduction under USSG §3E1.1(b) as a "one level departure." The reduction for acceptance of responsibility is simply an 'adjustment' of the offense level under "Chapter Three – Adjustments," and not a departure as provided for under USSG Chapter 5, Part K- Departures.

**2. Defendant has provided assistance to the government concerning the criminal activities of others, including a police officer involved in significant criminal activities and such circumstances should be considered in regards to the defendant's sentencing.**

Defendant has provided information to the government about the criminal activities of a member of the Guam Police Department with significant ties to both local and federal law enforcement, and because of such contacts, the government has not been able to put the Defendant's information and cooperation to use. While Defendant may not be entitled to a downward departure under USSG §5K1.1 nevertheless, the court should take into consideration that the Defendant has offered such assistance and information in exercising its discretion in imposing sentence because the United States Sentencing Guidelines are merely an advisory tool to assist the court in imposing the most appropriate sentence.

**3. The Probation officer wrongly asserts that Defendant's "criminal history category does not adequately reflect the seriousness of the defendant's criminal history."**

Defendant had a similar charge against Defendant in this court in Criminal Case No. CR07-00100 which the government chose to dismiss because of evidentiary issues with the veracity of the police officer involved in the case. The local charges have remained stagnant despite repeated admissions form the local trial judge, Honorable Michael J. Bordallo for the government to move the case forward or dispose of it via a plea agreement. Though numerous further proceedings have occurred, the charge remains stalled. To sentence the defendant more severely based on that case, of which Defendant may never be found guilty, and of which Defendant now is presumed innocent, would be grossly unfair. The USSG contain a depth of criteria to establish the Defendant's criminal history. Defendant has remained free of criminal misconduct from 1989 to 2005, a sixteen years period of time. Defendant has made

UNITED STATES OF AMERICA, Plaintiff v. ARNEL "MAVERICK" NIEVA, Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT ARNEL "MAVERICK" NIEVA
CRIMINAL CASE NO. CR08-00001-001
Page 3
Case 1:08-cr-00001   Document 22   Filed 09/08/2008   Page 3 of 9

substantial efforts to rehabilitate himself and has not committed a theft like the charges against him twenty years ago since that time. The offense reported from the arrest in the year 2002 was dismissed without prejudice. The recitation of the facts stated there have never been proven true and Defendant remains presumed innocent of the conduct alleged. The government elected not to prosecute that case and one can only logically assume that the failure to prosecute was based on evidentiary problems that made successful prosecution unlikely due to lack of proof of the alleged conduct by the alleged victim.

As to the conduct of the instant conviction, as the documents attached from the Guam Police Department demonstrate, Defendant Nieva was being threatened by Gilbert Ladonga to collect sums claimed owed to Ladonga by Defendant at the time that the gun was possessed by Nieva who only used the gun to attempt to scare away Ladonga.

The Probation Officer has applied the Guidelines to the Defendant's criminal history and the points there included accurately reflect the extent of the Defendant's criminal history.

### 4. The PIR incorrectly states that Defendant's Plea Agreement has no impact on the sentencing in this case.

The PIR states at ¶70, that the "plea agreement has no impact in this case." Yet the Plea Agreement contains the bargained plea and sentencing recommendations in this case, which contrary to the sentencing recommendation of the Probation Officer states at ¶2(b), that the government will recommend the minimum term of imprisonment under the Guidelines to the court.

### 5. The PIR applies the full income of Defendant's spouse to Defendant's ability to pay fine and costs of incarceration.

The income of Defendant's spouse is limited and will be necessary to support Ms. Nieva and their adopted daughter. Ms. Nieva's income is not so great that she can afford to

UNITED STATES OF AMERICA, Plaintiff v. ARNEL "MAVERICK" NIEVA, Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT ARNEL "MAVERICK" NIEVA
CRIMINAL CASE NO. CR08-00001-001

Page 4

Case 1:08-cr-00001   Document 22   Filed 09/08/2008   Page 4 of 9

pay the fine recommended by the Probation Officer, pay the costs of incarceration and support herself and their child. To apply the entirety of the income of Mrs. Nieva for the benefit of imposing fine and costs of incarceration on Defendant is unfair as only one-half Mrs. Nieva's income applies to Mr. Nieva and the result of such treatment will only serve to cause Mrs. Nieva to be forced to divorce Mr. Nieva to protect the livelihood of herself and their minor child.

## II. WHETHER AN EVIDENTIARY HEARING IS REQUESTED.

Defendant requests an evidentiary hearing to the court for the purpose of submitting the attached documents and letters of persons submitted through counsel.

Respectfully submitted: Monday, September 08, 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for defendant
ARNEL "MAVERICK" NIEVA

UNITED STATES OF AMERICA, Plaintiff v. ARNEL "MAVERICK" NIEVA, Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT ARNEL "MAVERICK" NIEVA
CRIMINAL CASE NO. CR08-00001-001
Page 5
Case 1:08-cr-00001    Document 22    Filed 09/08/2008    Page 5 of 9

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on September 8, 2008, via hand delivery at the following address:

| | |
|---|---|
| Ms. Karon V. Johnson, Esq.   and to, | Mr. Stephen P. Guilliot |
| Assistant U.S. Attorney | United States Probation Officer |
| U.S. Attorney's Office, | United States Probation Office, |
| District Of Guam | District Of Guam |
| Criminal Division | |
| 6th Floor, Sirena Plaza | District Court Of Guam |
| 108 Hernan Cortes Avenue | 2nd Floor, 520 W. Soledad Avenue |
| Hagåtña, Guam 96910 | Hagåtña, Guam 96910 |

Dated: Monday, September 08, 2008.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
ARNEL "MAVERICK" NIEVA

CCV:ccv
VLO/A."M" NIEVA/CR000623

UNITED STATES OF AMERICA, Plaintiff v. ARNEL "MAVERICK" NIEVA, Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT ARNEL "MAVERICK" NIEVA
CRIMINAL CASE NO. CR08-00001-001
Page 6
Case 1:08-cr-00001    Document 22    Filed 09/08/2008    Page 6 of 9

### NEIGHBORS CHECK CONDUCTED: 1930HRS. 12/30/07

While at #143 Uhang street in Dededo, I met with one resident identified as:

**Leo Deguzman Dayao**
M/Fil/10-23-66
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

who indicated that he was at home during the time of the incident. He indicated that he did not hear any gun shot or notice any disturbance in the area. He stated that the owner of the residence next door was a male only known to him as Arnel. He stated that he had only met with Arnel once and does not know anything about him. He indicated that he is usually off island due to his employment and is only on Guam about four months out of the year. He stated that during the time of the incident he was at the back side of his residence working on the concrete steps of his newly built home. He had no other information to provide.

Refer to S/A J.V. DeChavez's report for details on other neighbor interviews.

### INFORMATION/ASSIGNMENT: 2325HRS. 12/30/07

I received information from Agent Camacho that Mr. Ladonga had been located in the Toto area by the Violent Street Crimes Task Force and that he was being transported to section. I was then assigned by Agent Camacho to conduct the interview of Mr. Ladonga, which I acknowledged and later conducted.

### MR.LADONGA MET/INTERVIEWED: 0012HRS. 12/31/07

While at the Criminal Investigations Section, I met with Mr. Ladonga who appeared to have no injuries. I then informed him of the information regarding the incident and provided the following statements.
> On 12/14-15/07, He was asked by **Maverick (Arnel Maverick Nieva)** to stay at his residence, where he would help clean and watch the place in his absence.
> He was under the impression that he was going to be paid for any work done at the residence.
> He indicated that he was living out of the outside kitchen area.
> On 12/24/07, He was told by Maverick to move out for reasons unknown and to return the cell phone and key to the residence, but indicated that he could return the phone later. He indicated that

S/A B.A.C. SANTOS #588
**REPORTING OFFICER**

PO. H.A.E. BUENAS # 341
**APPROVING SUPERVISOR**

21

it might be due to money problems.
> He agreed to move out and had only taken some of his things.
> On 12/26/07, He was hired by BaseTech as a helper and was in the process of moving into his girlfriends house. (Jean Dimaano TotoGardens)
> On 12/27/07, he received a threatening text on the cell phone from Maverick, which he stated that he should watch his back and to return the cell phone.
> After he had secured from work, He and his girlfriend proceeded to Mavericks residence (Uhang street), where he inquired as to why he was threatening him, which Maverick indicated that he just wanted his phone back.
> He then gave Maverick the phone and took the remainder of his things without incident.
> On 12/30/07 at about 1000hrs.; He and his co worker namely: Michael Javelosa, arrived at Mavericks residence to ask for payment for work he had done around the house.
> He felt that he had earned at least $400.00 for all the work done at the house. (ie. Cleaning yard, washing vehicle, cleaning house and gaming area.)
> As he informed Maverick of this; Maverick got upset and stated "I don't owe you shit" and informed him to leave.
> Again he informed Maverick about the money, which maverick gives him $100.00. (When he counted it was only $90.00). Maverick then tells him to leave.
> He then mentions that he is still owed $300.00, at which Maverick became upset and pulled a black colored pistol from a pouch.
> He then stands by the dirt area by the concrete platform of the garage located on the southwest side of the residence.
> Maverick was on the doorway still holding the pistol.
> He then asked Maverick if he was trying to scare him, which Maverick stated that you better leave or Ill shoot you.
> He inquired about the remainder $300.00, which he stated that he was not going to give him $300.00 and that he should leave or he would be shot.
> He then tells Maverick to shoot him, which Maverick fires one round into the ground to the right of him.( Maverick holding pistol in Right hand)
> Maverick then tells him to leave and proceeds into the residence.
> He then yells that he would be back to collect the rest of his money and leaves the area with his co worker.
> He indicated that he was not afraid and did not feel threatened by Maverick.
> He later received a call from an Employee of Maverick namely: Arnel, who requested to meet with him at the East Nandez area at 1900hrs. for the remainder of his money.
> At about 1900hrs. He arrives at the East Nandez area and meets with Arnel who gives him the

_____                      _____
**S/A B.A.C. SANTOS #588**                        **PO III A.F. DUENAS # 341**
**REPORTING OFFICER**                            **APPROVING SUPERVISOR**

$300.00.

> He later speaks with Maverick on the phone, which Maverick informs him that they had to fix their problem.
> Maverick informs him that he had spoken with his attorney and that they needed to meet later to sign some documents and to not tell anyone who shot at him.
> He agrees to meet later, proceeds home and later is met by the police.
> He further indicated that the residence is being used for gambling.
> The game played in the residence is called "monte"
> He further indicated that Maverick taxes 15% for every one hundred dollars.
> He also indicated that the gambling goes on everyday and is mostly busy on the weekends.

Refer to attached written statement and sketch of the residence.

NOTE: It is noteworthy to mention that a check via the Criminal Justice Information System indicated that Mr. Ladonga had two "Outstanding Warrants of Arrest".

### ARREST MADE: 0230HRS. 12/31/07

While at the Criminal Investigations Section, I arrested Mr. Ladonga for the "Outstanding Warrants of Arrest" CF#0028-01 issued on 12/19/07 and CM#0961-06 issued on 11/07/07. He was transported to the Hagatna precinct where he was processed, booked and confined. Refer to Arrest report CS#07-36307 for details.

## ATTACHED TO CASE FILE AS ADDITIONAL INFORMATION.

S/A B.A.C. SANTOS #588
**REPORTING OFFICER**

PO H.A.E. DUENAS # 341
**APPROVING SUPERVISOR**

23