CURTIS C. VAN DEVELD, ESQ.
THE VANDEVELD LAW OFFICES, P. C.
Second Floor, Historical Building
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: (671) 477-2020
Telecopier: (671) 472-2561

LAW OFFICE OF CYNTHIA V. ECUBE, ESQ.
*A Professional Corporation*
207 Martyr Street, Suite 3
Hagåtña, Guam 96910
Telephone: (671) 472-8889/922-8889
Telecopier: (671) 472-8890
Email Address: ecubelaw@netpci.com

*Attorneys for Defendant*
**ARNEL MAVERICK NIEVA**

**FILED**
DISTRICT COURT OF GUAM
SEP 0 9 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR08-00001 |
| *Plaintiff,* | |
| vs. | DEFENDANT NIEVA'S STATEMENT OF OBJECTIONS REGARDING THE DRAFT FINDINGS OF THE PSI REPORT |
| ARNEL MAVERICK NIEVA, | |
| *Defendant.* | |

### I. INTRODUCTION

COMES NOW, Defendant, **ARNEL MAVERICK NIEVA**, by and through his counsels of record, and hereby submits its Statement of Objections regarding the Draft and Final Findings of the Pre-Sentence Investigation Report (hereinafter "Draft PSI Report") filed in the above-entitled criminal matter, herein.

### II. FACTUAL OBJECTIONS TO PSI REPORT:

First of all, Defendant **NIEVA** disputes the specific statements as contained in the Paragraph

CVE/abs
L:\CVE-CLIENTS\Nieva, Arnel\Statement of Objections re Draft & Final Findings of PSI Report\09-04-08.
Case 1:08-cr-00001   Document 23   Filed 09/09/2008   Page 1 of 5

## II. LEGAL OBJECTIONS TO THE PSI REPORT:

Defendant Nieva objects to the recommendation by the U. S. Probation Office of the maximum sentence of thirty (30) months under level 17 of the Federal Sentencing Advisory Guidelines. Defendant submits that there are other mitigating factors that warrant a sentence at the minimum range of the Guidelines of 24 months or lower within the Advisory Guidelines for the Court's consideration:

First of all, the U. S. Probation Office's evaluation and recommendation that the Court impose the maximum range of 30 months at level 17 under the advisory guidelines is grossly misplaced since the Probation Office over states Defendant Nieva's criminal history conduct and/or overstates Defendant Nieva's propensity to commit crimes.

The 9th Circuit has consistently permitted downward departures from the advisory guidelines when the Defendant's criminal history conduct is misrepresented or overstates the Defendant's propensity to commit crimes. In *U.S. v. Cuevas-Gomez, 61 F.3d 749 (9th Cir. 1995)*, the court held that a departure downward in an illegal re-entry case where the Defendant received a 16-level upward adjustment in offense level if court believes criminal history overstated). Similarly, in *U.S. v. Reyes, 8 F. 3d 1379 (9th Cir. 1993)*, the court upheld downward departure of 210 months to 33 months from the career offender sections of the guidelines in both offense level and criminal category where the defendant was a comparatively a minor offender. In *U.S. v. Brown, 985 F.2d 478, 482 (9th Cir. 1993)*, the Court determined that the age at time of prior convictions and nature of those offenses were proper factors to consider in determining whether career offender status significantly over-represents seriousness of defendant's criminal history; In *U.S. v. Lawrence, 916 F. 2d 553, 554 (9th Cir. 1990)*, the Court determined that there was a low risk of recidivism, even though defendant is a career offender because of two drug convictions, thereby justifying a downward departure.

Other jurisdictions have adopted similar decisions in departing downward from the advisory guidelines when the Defendant's criminal history conduct is misrepresented or overstates the Defendant's propensity to commit crimes. For example, in *U.S. v. Williams, 2005 WL 3440435 (6th Cir. Dec. 15, 2005)*, a felon in possession case, the court departed to 24 months from 48 granted in part because the prior felony was old, no new crimes in interim, and therefore the criminal history overstated

CVE/abs
L:\CVE-CLIENTS\Nieva, Arnel\Statement of Objections re Draft & Final Findings of PSI Report\09-04-08.
Case 1:08-cr-00001    Document 23    Filed 09/09/2008    Page 2 of 5

propensity to commit crimes); In *U.S. v. Thomas, 361 F.3d 653 (D.C. Cir. 2004)*, The District Court erred in considering the defendant's lengthy arrest record in justifying the court's failure to depart downward because of over representation of criminal history. See also, in *U.S. v. Gregor, 339 F.3d 666 (8th Cir. 2003*, the Court held that a downward departure was proper because a career offender designation over represents criminal history since the burglary did not involve breaking and entering. The Ten Circuit in *U.S. v. Collins, 122 F.3d 1297 (10th Cir. 1997)*, the Court held that a departure from career offender 151-188 to 42 months was proper where the defendant was 65 and ill (Defendant had high blood pressure, heart disease, ulcers, etc), and that a 10 year old conviction overstated criminal history because conduct committed beyond ten-year limit, and defendant was not sentenced in that case until 15 months after crime committed, therefore, the district court correctly reasoned that quick prosecution would have precluded the career offender enhancement altogether, the other conviction was a minor drug charge for which defendant received a lenient sentence so the defendant wasnot as likely to recidivate as other career offenders, and because *Koon* makes clear that Congress did not intend to vest in appellate courts wide-ranging authority over district court sentencing decisions. Similarly, in *U.S. v. Fletcher, 15 F.3d 553, 557 (6th Cir. 1994)*, the Court of Appeals, in affirming departure downward from career offender to level 29 and category V based on age of prior convictions, the time intervening between priors and current crime, and defendant's responsibilities, noted that the District Court can consider age of priors in determining recidivism. In *U.S. v. Bowser, 941 F.2d 1019, 1024 (10th Cir. 1991)*, the Court held that age and close proximity in time between prior criminal acts provided proper bases to depart downward from career offender category.

Additionally, in *U.S. v. Senior, 935 F.2d 149, 151 (8th Cir.1991)*, the Court held that a downward departure was proper since the defendant was only 20 years old when he committed his first predicate offense, a series of robberies, and the defendant received short sentence for the second predicate offense drug charges.

Secondly, Defendant Nieva submits that a departure downward is warranted since his conduct did not threaten the harm sought to be prevented by the Did Not Threaten The Harm Sought To Be Prevented by the law proscribing the offense. See U.S.S.G. 5K2.11 (Departure downward permissible

CVE/abs
L:\CVE-CLIENTS\Nieva, Arnel\Statement of Objections re Draft & Final Findings of PSI Report\09-04-08.
Case 1:08-cr-00001   Document 23   Filed 09/09/2008   Page 3 of 5

where a defendant commits a crime to avoid a perceived greater harm...[where] circumstances significantly diminish society's interest in punishing the conduct, or where, conduct may not cause or threaten the harm or evil sought to be prevented by the law. In *U.S. v. Williams, 2005 WL 3440435 (6th Cir. Dec. 15, 2005),* the Court departed to 24 months (from 48) in part because defendant possessed gun in self defense to avoid perceived greater harm.

Lastly, as to the issue of the U. S. Probation Office's calculation of a $10,000 fine to be assessed against the Defendant, Defendant submits that this amount is improper since the Probation Office calculated Defendant's spouse's community interest in addressing the fine. Defendant submits that the total assets and liabilities should be divided in half in determining his recommended fine. Defendant further submits that the proposed fine should be one half or $5,000.00.

Based upon the foregoing, the undersigned submits these proposed objections herein.

Dated this 8th day of September, 2008.

LAW OFFICE OF CYNTHIA V. ECUBE, ESQ.
*A Professional Corporation*

By: _____
CYNTHIA V. ECUBE, ESQ.
*Attorneys for Defendant*

CVE/abs
L:\CVE-CLIENTS\Nieva, Arnel\Statement of Objections re Draft & Final Findings of PSI Report\09-04-08.
Case 1:08-cr-00001  Document 23  Filed 09/09/2008  Page 4 of 5

# CERTIFICATE OF SERVICE

I, Amber Sanchez, Legal Secretary with the Law Office of Cynthia V. Ecube, Esq., P.C., hereby certify that on the 8th day of September, 2008, I caused to be served via facsimile a copy of "Defendant Nieva's Statement of Objections regarding the Draft Findings of the Pre-Sentence Investigation Report" in Criminal Case No. 08-00001, to:

KARON JOHNSON, Esq.
Assistant U. S. Attorney
U. S. Attorney's Office
Sirena Plaza, Suite 500
108 Hernan Cortez, Suite 500
Hagåtña, Guam 96910

and to,

CARLYN BORJA
United States Probation Officer
United States Probation Office
2nd Floor, District Court
520 W. Soledad Ave.
Hagåtña, Guam 96910

_____
AMBER SANCHEZ

CVE/abs
L:\CVE-CLIENTS\Nieva, Arnel\Statement of Objections re Draft & Final Findings of PSI Report\09-04-08.
Case 1:08-cr-00001 Document 23 Filed 09/09/2008 Page 5 of 5